UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL R. BUBOLTZ,<br><br>            Plaintiff<br><br>v.<br><br>R.C. WILLEY HOME FURNISHINGS, INC.,<br><br>            Defendant | Case No.: 2:20-cv-00626-APG-EJY<br><br>**Order (1) Denying Plaintiff's Motion for Summary Judgment, (2) Granting in Part Defendant's Motion for Summary Judgment, (3) Denying Motion for Leave to File Supplemental Briefs, and (4) Remanding to State Court**<br><br>[ECF Nos. 15, 22, 34] |

Plaintiff Paul Buboltz sues defendant R.C. Willey Home Furnishings, Inc. (RC Willey) for declaratory relief and for violating the Truth in Lending Act (TILA). Buboltz financed the purchase of home furnishings from RC Willey. After he defaulted, RC Willey assigned the account to Richland Holdings Inc. (Richland) for collection. Richland charged Buboltz a collection agency fee of 50% of the balance owed and charged him the post-default contractual rate of 24% interest. In count one of the complaint, Buboltz seeks declarations whether the collection agency fee in RC Willey's financing agreement is unconscionable and, if it is, whether it is severable from the rest of the financing agreement. He also seeks declarations whether RC Willey and Richland may recover an unlimited amount of collection costs, whether those costs must be reasonably related to actual costs, and whether RC Willey may recover interest that it is not legally entitled to collect. In count two, Buboltz alleges RC Willey violated TILA by failing to send him periodic statements even though Richland was still charging interest on RC Willey's behalf.

Buboltz moves for summary judgment, arguing that no genuine dispute remains and he is entitled to judgment as a matter of law. RC Willey opposes and also moves for summary

judgment. It argues that because neither it nor Richland is seeking to collect the collection agency fee, Buboltz lacks standing to seek declaratory relief regarding whether that fee is unconscionable. RC Willey also argues that unconscionability is a defense for which Buboltz cannot seek affirmative declaratory relief. Alternatively, RC Willey contends there is no evidence of either procedural or substantive unconscionability. RC Willey also argues the 24% interest rate is consistent with Nevada law, and the TILA claim is untimely. Finally, RC Willey moves for leave to file supplemental briefs on issue preclusion based on a ruling in the underlying lawsuit where Richland is attempting to collect the debt.

The parties are familiar with the facts so I do not repeat them here except where necessary to resolve the motions. I grant summary judgment in RC Willey's favor on the TILA claim and the related declaratory relief. I decline to exercise supplemental jurisdiction over the remainder of Buboltz's declaratory relief claim, so I remand the case to state court.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th

Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. TILA Claim and Related Declaratory Relief

In count two of his complaint, Buboltz alleges that TILA requires RC Willey to send periodic billing statements if it is assessing a finance charge, but RC Willey stopped sending statements even though Richland continued to charge him interest on RC Willey's behalf. RC Willey argues this claim is untimely because TILA claims are subject to a one-year limitation period. Buboltz responds that he did not discover his injury until October 2019, when he received in the mail a notice of entry of judgment in the underlying state court action. Alternatively, he argues that Richland fraudulently delayed serving him until after the limitation period for the TILA claim expired, so his claim should not be time-barred.

Except in circumstances not relevant here, a TILA claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). To determine whether Buboltz's claim is untimely, I must determine when the alleged violation occurred, which entails determining when RC Willey no longer had an obligation to send Buboltz periodic statements.

TILA required RC Willey to send Buboltz a statement for each billing period for which there was an outstanding balance or a finance charge was imposed. 15 U.S.C. § 1637(b). A creditor may cease sending statements "if the creditor deems [the account] uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or

interest on the account, or if furnishing the statement would violate federal law." 12 C.F.R. § 226.5(b)(2)(i).  A creditor institutes a delinquency collection proceeding "by filing a court action or initiating an adjudicatory process with a third party." 12 C.F.R. Pt. 226, Supp. I, Subpt. B to Part 226, 226.5(5)(b)(2)(i)-(4).[1]  "Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding." *Id.*

Buboltz's account became delinquent in August 2018. ECF No. 15-2.  On January 21, 2019, RC Willey assigned the debt to Richland for collection, and from that day forward RC Willey ceased sending periodic statements to Buboltz. *Id.*; ECF No. 18-3 at 2.  That same day, Richland sent a letter to Buboltz informing him that RC Willey had assigned the account to Richland for collection, that the total amount due was $992.76, and that interest "may continue to accrue, as per your contract with [RC Willey] from the date of first assignment." ECF No. 15-3. Richland filed suit in Justice Court against Buboltz on March 4, 2019 to collect the debt, a collection agency fee, and interest accruing at the rate of 24%, as set forth in the financing agreement between Buboltz and RC Willey. ECF No. 15-5; 20 at 8-9.  Over a year later, Buboltz filed this action in state court. ECF No. 3 at 9.

RC Willey contends that under § 226.5(b)(2)(i), it no longer had to send periodic statements as of either January 21, 2019, when it deemed the account uncollectable and assigned it to Richland, or March 4, 2019, when Richland instituted a collection proceeding by filing suit in Justice Court.  RC Willey thus argues that to the extent it ever violated TILA, it must have been more than one year before Buboltz filed this lawsuit, so his claim is untimely.  Buboltz asserts that RC Willey's obligation continues to this day because none of the exceptions in

---

[1] This supplement reflects official staff interpretations of the Division of Consumer and Community Affairs of the Federal Reserve Board. 12 C.F.R. § Pt. 226, Supp. I, Intro.

4

§ 226.5(b)(2)(i) applies.  Buboltz argues that RC Willey has not deemed the account uncollectable because it continues trying to collect through its agent Richland.  And he contends Richland's lawsuit does not count as a collection proceeding because it was instituted by Richland, not RC Willey.

RC Willey's obligation to send period statements ceased no later than March 4, 2019.  At that time, Richland instituted a collection proceeding on RC Willey's behalf.  Buboltz's contention that RC Willey must bring the action in its own name is not supported by the regulatory language, agency principles, or case law.  Section 226.5(b)(2)(i) does not state that the creditor must bring a collection proceeding in its own name.  Rather, it eliminates the obligation to send statements when collection proceedings "have been instituted." 12 C.F.R. § 226.5(b)(2)(i).  Further, Buboltz does not explain why Richland's actions as RC Willey's agent are not attributable to RC Willey, particularly where Buboltz repeatedly takes the position that Richland initiated the action "on behalf of" RC Willey and is RC Willey's agent. ECF Nos. 3 at 11; 15 at 3, 11; 23 at 2 n.2, 4, 17 n.6.  Finally, Buboltz's argument that assigning a debt to a debt collector does not constitute instituting a collection proceeding is misplaced.  RC Willey's assignment of the debt to Richland does not constitute instituting a collection proceeding.  But Richland then filed the lawsuit to collect the debt.

Because RC Willey's obligation to send periodic statements ended on March 4, 2019, it could not have violated TILA after that date.  Accordingly, Buboltz's TILA claim, filed more than one year later, is untimely unless some means exists to extend the limitation period.  Buboltz contends the discovery rule should apply to his claim.  Alternatively, he argues the equitable doctrine of a fraud-based discovery rule should apply.

Neither of these doctrines applies in this case. The Supreme Court of the United States recently ruled that the discovery rule does not apply to a similarly worded statute, the Fair Debt Collection Practices Act (FDCPA). *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019). Under the FDCPA, an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In *Rotkiske*, the Supreme Court held that, "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." 140 S. Ct. at 358. In short, the discovery rule does not apply as a matter of statutory interpretation where Congress has described the limitation period as running from the date the violation occurred and does not itself provide a discovery rule. *Id.* at 360-61. Under *Rotkiske*, TILA's similarly worded limitation period is not subject to the discovery rule as a matter of statutory interpretation. Consequently, the limitation period begins to run from the date the violation "actually happened." *Id.* at 360.

However, *Rotkiske* left open (without deciding) the possibility that the FDCPA's limitation period may be extended through equitable doctrines, such as a "fraud-specific discovery rule." *Id.* at 361 & n.3. The Supreme Court "has noted the existence of decisions" applying an equity-based "discovery rule in 'fraud cases' that is distinct from the traditional equitable tolling doctrine." *Id.* (citing cases). Under the fraud-specific discovery rule, "where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part," the statute of limitations "does not begin to run until the fraud is discovered." *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) (quotation omitted); *see also Bailey v. Glover*, 88 U.S. 342, 347 (1874) (stating that "when the object of the suit is to obtain

relief against a fraud, the bar of the statute does not commence to run until the fraud is discovered or becomes known to the party injured by it").

The fraud-specific discovery rule does not apply in this case because Buboltz's TILA claim is not a fraud claim. Even if it applied, the gravamen of his TILA claim is that RC Willey ceased sending him periodic statements even though he was still being charged interest. Buboltz had all the information he needed to bring that claim in a timely manner. RC Willey ceased sending him statements in January 2019 and, at the same time, Richland advised Buboltz that it was continuing to charge him interest under the financing agreement he signed with RC Willey. There is no evidence RC Willey or Richland fraudulently concealed those facts. Rather, Buboltz contends Richland fraudulently concealed the fact that it filed suit in March 2019 because its process server lied about efforts to serve him. But the suit is what terminated RC Willey's obligation to send statements, and thereby ceased any TILA violations. So even if Richland fraudulently concealed that it had filed suit, Buboltz does not explain how the existence of his TILA claim was fraudulently concealed.

Buboltz's TILA claim is time-barred as a matter of law. Consequently, I grant summary judgment in RC Willey's favor on that claim. Additionally, Buboltz seeks a declaration regarding "[w]hether the R.C. Willey credit agreement . . . authorizes R.C. Willey or its debt collectors or assignees, to recover interest it is not legally entitled to collect." ECF No. 3 at 12. Although not particularly clear from the complaint, the only defect Buboltz identifies regarding the interest is that RC Willey stopped sending him the periodic statements in violation of TILA. Because RC Willey could stop sending the statements once Richland instituted suit, and any

TILA claim before that is time-barred, I grant summary judgment in favor of RC Willey on this portion of Buboltz's declaratory relief claim as well.[2]

### B. Remaining Requests for Declaratory Relief

Buboltz seeks declarations whether the collection agency fee provision is unconscionable; if so, whether it is severable; whether RC Willey or Richland may recover an unlimited amount of collection agency fees or collection costs; and whether the collections fees and costs must be reasonably related to the actual costs of collection. ECF No. 3 at 12. This portion of Buboltz's declaratory relief claim is based solely on state law and is before me under supplemental jurisdiction under 28 U.S.C. § 1367(a).

I may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Should one of these factors be present, I consider whether continuing to exercise supplemental jurisdiction promotes economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

---

[2] I express no opinion whether Buboltz may assert the alleged TILA violation as a defense in the state court action. *See* 15 U.S.C. § 1640 ("This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.").

I have granted summary judgment on the only claims supporting original jurisdiction in this court. Buboltz sued in state court, and now that the claims supporting removal have been resolved, remand is appropriate. The remaining requests for relief raise only Nevada state law issues that should be resolved by Nevada courts. Although the case has progressed to the summary judgment stage, the parties may economically and conveniently resolve the case in state court on remand because no further discovery is required. Moreover, RC Willey is attempting to raise new arguments regarding the effect of a recent decision on the merits in the Justice Court action. Whether that decision results in issue preclusion is also a question of state law best left to the state court on remand. I therefore decline to exercise supplemental jurisdiction over the remainder of the state law claim, and I remand this case to the state court.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Paul Buboltz's motion for summary judgment **(ECF No. 15) is DENIED**.

I FURTHER ORDER that defendant R.C. Willey Home Furnishings, Inc.'s motion for summary judgment **(ECF No. 22) is GRANTED in part**. The motion is granted as to the Truth in Lending Act claim and subpart (e) of the declaratory relief claim. The motion is denied in all other respects, without prejudice to either party renewing in state court arguments regarding subparts (a) through (d) of the declaratory relief claim.

I FURTHER ORDER that defendant R.C. Willey Home Furnishings, Inc.'s motion for leave to file supplemental briefs **(ECF No. 34) is DENIED** without prejudice to renewing in state court arguments related to issue preclusion.

////

////

I FURTHER ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of court is instructed to close this case.

DATED this 5th day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE